# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDY JEAN LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0075-CVE-TLW |
| | ) |
| MCDONALD'S CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Leave to Amend Complaint Out of Time (Dkt. # 14). Plaintiff requests leave to file an amended complaint adding McDonald's Restaurants of Oklahoma, Inc. as a party. Dkt. # 14, at 3. Defendant responds that plaintiff is seeking to add a non-diverse party and her motion to amend is untimely. Dkt. # 15, at 1.

On January 31, 2011, plaintiff filed this case in this Court alleging that defendant McDonald's Corporation was negligent. She claims that she went to the McDonald's restaurant located at 2104 South Sheridan Road, Tulsa, Oklahoma (Store # 2711), and fell after slipping in a pool of water near the soda fountain. Dkt. # 2, at 2. The alleged incident occurred on February 4, 2009 and plaintiff's statute of limitations to file a claim was two years -- or by February 4, 2011. Id. Federal jurisdiction was premised on diversity jurisdiction under 28 U.S.C. § 1332, because plaintiff is a citizen of Oklahoma and McDonald's Corporation is incorporated and maintains its principal place of business in a state other than Oklahoma. Id. McDonald's Corporation filed an answer on March 2, 2011 and stated that plaintiff "failed to sue the proper party." Dkt. # 6, at 4.

Plaintiff's counsel states that counsel for McDonald's Corporation contacted him after it filed its answer and advised plaintiff's counsel that McDonald's Corporation was not the correct

defendant. Dkt. # 14, at 2. He claims that McDonald's Corporation would not agree to allow plaintiff to file an amended complaint naming McDonald's Restaurants of Oklahoma, Inc. and McDonald's Corporation as parties, and plaintiff's counsel refrained from filing a motion based on representations by defense counsel that the case could be settled, regardless of whether plaintiff had named the correct defendant. Id. The Court entered a scheduling order setting a deadline of April 15, 2011 to file motions to add parties or amend pleadings. Dkt. # 12. On April 20, 2011, plaintiff's counsel sent an e-mail to defense counsel asking if defendant would oppose a motion to amend to add McDonald's Restaurants of Oklahoma, Inc. as a party. The e-mail also stated that plaintiff's counsel would agree to dismiss the case without prejudice after the filing of an amended complaint. Dkt. # 14-1, at 2. Plaintiff claims that she submitted a settlement offer to defendant but did not receive a response from defendant. Dkt. # 14, at 3. On June 3, 2011, plaintiff filed a motion (Dkt. # 14) requesting leave to add McDonald's Restaurants of Oklahoma, Inc. as a party.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v. Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206.

In this case, diversity jurisdiction would be destroyed if plaintiff's motion to amend were granted and this is a significant factor that the Court must consider when ruling on plaintiff's motion. The Tenth Circuit has not considered what standard applies to a motion to amend to add a non-diverse party or even if such an amendment is permitted, but the majority of federal courts have determined that such amendments are not absolutely prohibited. A request to amend to add a non-diverse party may be subject to greater scrutiny than an ordinary request to amend, and the Court should consider whether the plaintiff was dilatory or moved to amend in bad faith. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."); Irogoyen v. State Farm Lloyds, 2004 WL 398553, *2 (S.D. Tex. Jan 5, 2004) (same). This issue arises with some frequency in removed cases and courts generally apply four factors to determine if a post-removal amendment that would destroy diversity jurisdiction should be permitted:

> (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.

Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009). However, these factors are not exclusive and "[t]he decision to permit joinder of diversity defeating parties is discretionary and guided essentially by equitable considerations." Brown v. Alter Barge Line, Inc., 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006).

Plaintiff argues that she should be permitted to add McDonalds Restaurants of Oklahoma, Inc. as a party, because defendant has represented that it is not the proper party and she needs to protect her interests by naming an additional party that may be the correct defendant. Dkt. # 14, at

3

3. She claims that she has no intention of pursing her claims in federal court after the addition of a non-diverse party, and she will voluntarily dismiss her claims after filing an amended complaint.[1] Dkt. # 16, at 3. Plaintiff attempts to explain any delay in filing her motion by alleging that the parties were engaging in settlement negotiations, and she thought it was unnecessary to file a motion to amend while the parties were negotiating. Dkt. # 14, at 3.

The Court will use the Schur factors as a framework for considering plaintiff's motion to amend. As to the first factor, there is no evidence of bad faith or that plaintiff's sole motivation for seeking leave to amend is to destroy diversity jurisdiction. Quite to the contrary, plaintiff chose a federal forum and appears to have a legitimate basis for amending her complaint, and there is no evidence that plaintiff has an improper motive for seeking to add McDonald's Restaurants of Oklahoma, Inc. as a party. The second Schur factor - timeliness - does not favor plaintiff and there is evidence that plaintiff delayed in filing a motion to amend. Plaintiff filed this case on January 31, 2011 and became aware in early March 2011 that she may have named the wrong party as a defendant. Rather than investigate this possibility and seek leave to amend shortly thereafter, plaintiff took no action to add McDonald's Restaurants of Oklahoma, Inc. as a party. She claims that she refrained from filing a motion to amend based on defendant's representation that the parties would discuss the possibility of settlement and defendant stated that it would oppose any motion to amend on statute of limitations grounds. Dkt. # 14, at 2. On April 20, 2011, plaintiff's counsel sent an e-mail to defense counsel suggesting that plaintiff would forward a settlement demand to

---

[1] Plaintiff's willingness to dismiss her claims is irrelevant, because the Court would be required to dismiss this case upon the addition of a non-diverse defendant. Thus, it is irrelevant that plaintiff disclaims any intention of pursuing claims against the non-diverse party in this Court.

4

defendant and asking if defendant would oppose the filing of an amended complaint adding McDonald's Restaurants of Oklahoma, Inc. as a party. Dkt. # 14-1, at 2. It is unclear if a settlement demand was actually forwarded to defendant and plaintiff states that defendant did not respond to plaintiff's inquiry about the filing of an amended complaint. However, the deadline to file a motion for leave to add parties or amend the complaint was April 15, 2011, and plaintiff was already out of time to file a motion to amend when her attorney sent an e-mail to defense counsel on April 20, 2011. Instead of filing to a motion to amend soon after April 20, 2011, plaintiff waited until June 3, 2011 to file her motion. Even though defendant did not respond to plaintiff's counsel's e-mail, plaintiff's counsel was already on notice that defendant would not agree to plaintiff's request to add McDonald's Restaurants of Oklahoma, Inc. as a party and yet plaintiff's counsel waited over a month before filing a motion to amend. See Dkt. # 14, at 2. Given the lack of evidence of actual settlement negotiations and plaintiff's delay in filing a motion to amend, the second factor does not support plaintiff's motion to amend.

As to the third factor, it is likely that plaintiff will be prejudiced if her motion to amend is not granted. Plaintiff states that she believes she has named the correct defendant and she seeks to add McDonald's Restaurants of Oklahoma, Inc. as a party merely to protect her interests in the event that has named the wrong defendant. Dkt. # 14, at 3. However, there is room for doubt as to the ownership of the McDonald's restaurant where plaintiff slipped and fell, and even a minimal amount of research before filing the case would have put plaintiff on notice of this issue. Plaintiff has provided a copy of a page from the website of McDonald's Restaurants of Oklahoma, Inc.

(www.mcoklahoma.com) identifying the McDonald's restaurant where plaintiff slipped and fell.[2] The website also states that "[t]his restaurant is owned and operated by McDonald's Corporation," but the website contains information about McDonald's restaurants located in Oklahoma only. Dkt. # 14-1, at 1. The Court makes no determination of the identity of the correct defendant, but it is certainly possible that plaintiff has named the wrong defendant. This is sufficient to show that plaintiff would be prejudiced if her motion to amend were denied. However, the Court also takes into account that plaintiff's counsel should have been aware of this issue before the case was filed or shortly thereafter, and some of the prejudice could have been mitigated if plaintiff's counsel had diligently conducted research to identify the correct defendant or defendants. Neither party has offered any additional equitable considerations and the fourth Schur factor does not support either plaintiff or defendant.

The Court finds that plaintiff's motion to amend should be granted. This is not a case in which plaintiff is attempting to add a non-diverse party to avoid federal jurisdiction, and there is no evidence of gamesmanship, but there is evidence that plaintiff could be prejudiced if her motion to amend is not granted. Although it appears that plaintiff's counsel failed to conduct adequate research before filing this case, the website maintained by McDonald's Restaurants of Oklahoma, Inc. states that the McDonald's restaurant where plaintiff fell is owned by McDonald's Corporation. Dkt. # 14-1, at 1. It is unclear which party plaintiff should have named as a defendant, and it is possible that plaintiff will not be able to pursue her claims against the correct defendant if her

---

[2] The copy of the website page submitted with plaintiff's motion shows that it was printed on June 3, 2011. This is the day that plaintiff filed her motion and it calls into question whether plaintiff's counsel conducted an inquiry into the ownership of this restaurant before filing this case.

motion to amend is denied. Plaintiff should not be penalized for a misleading representation on the website of McDonald's Restaurants of Oklahoma, Inc. The Court notes plaintiff's delay in filing a motion to amend and, if plaintiff's counsel continues to practice in this Court, he must abide by deadlines in the scheduling order.[3] Upon the filing of an amended complaint adding non-diverse defendant, McDonald's Restaurants of Oklahoma, Inc., the Court must dismiss the case for lack of subject matter jurisdiction

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint Out of Time (Dkt. # 14) is **granted**. Plaintiff may file an amended complaint adding McDonald's Restaurants of Oklahoma, Inc. as a defendant no later than **July 21, 2011**.

**DATED** this 19th day of July, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Dismissal should leave the parties free to pursue this case without "the court breathing down [their] neck[s]." Dkt. # 14-1, at 2.